### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:26-CV-66-JHM**

**TAWAIIN WILLIAM LEWIS**                                                                                    **PETITIONER**

**v.**

**LAURA PLAPPERT, WARDEN**                                                                            **RESPONDENT**

### MEMORANDUM OPINION AND ORDER

Petitioner Tawaiin William Lewis filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [DN 1] and paid the $5.00 filing fee. The petition is currently before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Court will direct Petitioner to show cause why his petition should not be dismissed for failure to comply with the applicable statute of limitations.

**I.**

According to the petition, Petitioner was convicted in Jefferson Circuit Court of two counts of murder, two counts of assault in the first degree, and one count of wanton endangerment. He was sentenced to life imprisonment without the possibility of parole for 25 years. He filed an appeal. The Kentucky Supreme Court affirmed his conviction on October 29, 2015.

Petitioner represents that on October 22, 2018, he filed a post-conviction RCr 11.42 motion to vacate his judgment in the state trial court based upon ineffective assistance of counsel. The Jefferson Circuit Court denied the motion on January 23, 2019. The Kentucky Court of Appeals reversed and remanded the decision for a hearing on June 24, 2022. After the hearing, the Jefferson

Circuit Court denied the motion, and the Kentucky Court of Appeals affirmed the Jefferson Circuit Court on August 15, 2025.

Petitioner filed the instant § 2254 petition on January 8, 2026.[1]

## II.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of that Act apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[1] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)).


28 U.S.C. § 2244(d).

Here, § 2254(1)(A) applies, and the limitation period runs from the date on which Petitioner's judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. "When a state prisoner exhausts the direct appeal process in the state courts but does not petition for a writ of certiorari, conclusion of direct appeal under [§ 2244(d)(1)(A)] occurs when the time for filing the petition for writ of certiorari with the Supreme Court of the United States expires." *Banks v. Ferguson*, No. 1:22-CV-00045-GNS-HBB, 2023 WL 11939287, at *2 (W.D. Ky. Apr. 25, 2023) (citing *Jimenez v. Quarterman*, 555 U.S. 113, 119–21 (2009)). In state criminal cases, "the time to file a petition for a writ of certiorari is 'prescribed by rules of the Supreme Court.'" *Giles v. Beckstrom*, 826 F.3d 321, 323 (6th Cir. 2016) (quoting 28 U.S.C. § 2101(d)). "Rule 13.1 of the Rules of the Supreme Court of the United States indicates that a petition for writ of certiorari to review a state court judgment 'is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.'" *Banks*, 2023 WL 11939287, at *2.

Petitioner's final judgment occurred on October 29, 2015, the date the Kentucky Supreme Court issued a memorandum opinion affirming Petitioner's conviction. Following Rule 13.1, January 28, 2016, was the last day Petitioner could file his petition to the United States Supreme Court. Thus, the one-year period of limitations began to run on that date and concluded on January 28, 2017.

Because Petitioner did not file the instant § 2254 petition until almost nine years later, on January 8, 2026, the action is time-barred unless there was "a properly filed application for State post-conviction or other collateral review" *pending* during that period. 28 U.S.C. § 2244(d)(2).

As detailed above, Petitioner did not file a post-conviction motion until October 22, 2018, almost two years beyond the statutory one-year limitations period, and the filing of that motion did not restart the one-year period for filing a § 2254 petition. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

Because § 2254's one-year statute of limitations is not jurisdictional, *see Day v. McDonough*, 547 U.S. 198, 205 (2006), it is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A claim of actual innocence may also justify equitable tolling in certain circumstances. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). "The petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494–95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). Here, Petitioner cites to no circumstances warranting equitable tolling.

However, before dismissing the action on statute-of-limitations grounds, the Court will provide Petitioner with an opportunity to respond. *See Day*, 547 U.S. at 210.

## III.

**IT IS THEREFORE ORDERED** that **no later than March 23, 2026**, Petitioner must show cause why the § 2254 petition for writ of habeas corpus should not be denied and the action dismissed as barred by the applicable one-year statute of limitations.

**Petitioner is WARNED that his failure to respond within the time allotted will result in dismissal of the action for the reasons set forth herein.**

Date: February 19, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Petitioner, *pro se*
4414.014